**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ABDELMOUTALIB SOFIANE AND | : | CIVIL NO. |
| MADELINE J. SOFIANE, | : | 3:09-cv-01860 (JCH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEPARTMENT OF HOMELAND | : | |
| SECURITY, et al. | : | MAY 7, 2010 |
| Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION FOR JUDGMENT**
**ON THE PLEADINGS (Doc. No. 15)**

I.    **INTRODUCTION**

The co-plaintiff, Madeline Sofiane, is a United States citizen married to the co-plaintiff, Abdelmoutalib Sofiane.  She filed an immigration Petition for Alien Relative (Form I-130) on her husband's behalf with United States Citizenship and Immigration Services ("USCIS").  The Sofianes initiated this action by Complaint for Mandamus on November 17, 2009, in order to compel USCIS to issue a final decision on the I-130 Petition.  See Complaint (Doc. No. 1).  After USCIS denied the Petition on December 16, 2009, the Sofianes amended their Complaint.  They now seek review of the USCIS's denial pursuant to the Administrative Procedure Act ("APA"), codified at 5 U.S.C. sections 701 et seq.  See Amended Complaint ("Amd. Cmplt") (Doc. No. 7).

Defendants now move the court for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, primarily alleging that this court lacks subject matter jurisdiction on account of the fact that the plaintiffs have not exhausted

their administrative remedies.  See Defendants' Motion for Judgment on the Pleadings ("Mot. for Judg. on Pldgs.") (Doc. No. 15).  For the following reasons, defendants' Motion is denied.

## II.    STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  "The legal standards for review of motions pursuant to Rule 12(b)(6) and Rule 12(c) are indistinguishable."  DeMuria v. Hawkes, 328 F.3d 704, 706 n. 1 (2d Cir. 2003).  On a motion for judgment on the pleadings, the court must accept all factual allegations in the non-moving party's pleading as true and draw all inferences in the non-moving party's favor.  See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).  When the plaintiff is the moving party, he "may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery."  See 5C WRIGHT & MILLER, FED. PRACTICE & PROCEDURE, § 1368.  Courts have been unwilling to grant a 12(c) motion "unless the movant clearly establishes that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law."  See id.

## III.    FACTUAL BACKGROUND

Madeline Sofiane is a United States citizen.  She began living with her husband, Abdelmoutalib Sofiane, in April 2002, and the two married in November 2002.  See Plaintiff's Opposition to Motion for Judgment on Pleadings ("Opposition") (Doc. No. 19) at 2.  Sofiane and her husband have separated and reconciled at various times

between December 2005 and November 2006.  See id. Currently, the two remain married, but they have not lived together since 2006.  See id.

Sofiane petitioned immigration authorities for an Alien Relative Visa (Form I-130) for her husband on December 3, 2002.  See id.  The plaintiffs were interviewed by immigration officials on June 15, 2004, and September 26, 2006.  Together, plaintiffs filed a complaint in this District on June 8, 2007, and sought an order compelling the government to adjudicate the I-130 Petition.  See id.; see Sofiane v. Homeland Security, No. 07-cv-907 (AVC) (D. Conn., filed June 8, 2007).

On September 12, 2007, while Sofiane's 2007 Complaint was still pending in district court, USCIS denied Sofiane's I-130 Petition.  See Opposition.  Subsequently, plaintiffs filed an administrative appeal to the Board of Immigration Appeals ("BIA").  See id. at 3.  On October 30, 2007, the BIA remanded the appeal to the USCIS, and charged the USCIS to locate missing documentation that the BIA needed in order to meaningfully review the appeal.  See id.

The district court granted the government's Motion to Dismiss Sofiane's Complaint on March 17, 2009, concluding that the request for the court to review the UCSIS decision was premature in light of the fact that the agency's decision was not yet final.  See id.

Plaintiffs filed this lawsuit on November 17, 2009, seeking a writ of mandamus to compel the USCIS to issue a final decision on the I-130 Petition.  See id.  USCIS denied the Petition on December 16, 2009, at which point plaintiffs elected not to pursue an appeal before the BIA, and amended their Complaint to seek immediate APA review of the denial in this court.  See id.  Defendants have moved the court for

judgment on the pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure.

See Mot. for Judg. on Pldgs.

## IV.    DISCUSSION

Defendants offer two grounds as to why their Motion for Judgment on the

Pleadings should be granted.  First, defendants contend that the Sofianes are bound by

the district court's March 17, 2009 Ruling dismissing the Complaint for plaintiff's failure

to exhaust administrative remedies.  See Mot. for Judg. on Pldgs. at 5-6.  Second,

defendants contend that, even if the district court's prior holding does not bar the

Sofianes from pursuing this lawsuit, the Sofianes have nonetheless failed to exhaust

their administrative remedies by electing to bypass the BIA.  See id. at 6-10.  Each of

these arguments will be addressed in turn.

>    A.    Whether Defendants are Entitled to Judgment on the Pleadings because
>          Plaintiffs are Bound by District Court's 2009 Ruling

Defendants contend that, because Senior Judge Covello has already dismissed

a Complaint by the Sofianes regarding the visa petition currently in question, the

Sofianes are bound by that earlier Ruling.  See Mot. for Judg. on Pldgs. at 5.

Specifically, defendants argue that the "earlier, final district court judgment on plaintiffs'

2007 Complaint precludes them from relitigating the exhaustion issue concerning the

visa petition."  Id. at 6.

 "Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the

merits of an action precludes the parties or their privies from relitigating issues that

were or could have been raised in that action.'"  St. Pierre v. Dyer, 208 F.3d 394, 399

(2d Cir. 2000) (quoting Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398

(1981)).  However, the mere fact that "the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive."  Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997).  Instead, the second suit will be precluded by the first judgment only when it involves the same "transaction" as the earlier suit.  Id.

Senior Judge Covello's March 17, 2009 Ruling granting defendants' Motion to Dismiss was predicated on the fact that, at the time of the Ruling, the Sofianes were in the process of pursuing an appeal before the BIA.  Defendants sought dismissal of the action in district court because "[t]he plaintiffs have filed an administrative appeal, which is pending."  See March 17, 2009 Ruling at 5, Sofiane v. Homeland Security, No. 07-cv-907 (AVC) (D. Conn., filed June 8, 2007).  While the Sofianes alleged that their appeal to the BIA was not required by law, and therefore did not preclude the district court from maintaining the action, the court concluded that "because an appeal *is* pending before the BIA, this court does not have subject matter jurisdiction."  Id. (emphasis added).

Whereas an appeal was pending before the BIA at the time of Senior Judge Covello's Ruling in 2009, no such appeal is currently pending as the Sofianes have now elected not to pursue their petition at the BIA level.  In light of the fact that the circumstances of this case are therefore materially different from the circumstances at the time of Senior Judge Covello's Ruling, the principles of res judicata do not apply. "[A]s a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play."  Maharaj v. Bankamerica Corp., 128 F.3d at 97.  In this case, the Sofianes are not seeking APA review of the USCIS's September 12, 2007 decision as they were in

2009; to the contrary, the Sofianes now seek review of the USCIS's December 16, 2009 decision. Although both claims in federal court involve the same petition, they cannot be said to involve the same "transaction" for res judicata purposes. Id. Therefore, the court concludes that the Sofianes are not bound by the March 17, 2009 Ruling.

B.  Whether Plaintiffs May Bring their Suit in District Court Despite Not Pursuing an Appeal to the BIA

The Second Circuit has recently determined that a district court may review the denial of an I-130 petition. See Ruiz v. Mukasey, 552 F.3d 269, 276 (2d Cir. 2009) (concluding that "Section 1252(a)(2)(B)(ii) [of Chapter 8 of the United States Code] . . . does not preclude judicial review of the denial of [an] I-130 petition pursuant to Section 1154(b) [of Chapter 8], and a district court may properly exercise jurisdiction over [such a] case"). The issue in this case, then, is not whether this court would at any point have jurisdiction to review the denial of Sofiane's I-130 petition, but instead whether Sofiane has effectively exhausted her administrative remedies such that judicial review is appropriate at this juncture.

Defendants contend that, in electing not to pursue their petition to the BIA upon receiving a judgment of denial from USCIS, the Sofianes have failed to meet the requirements of administrative exhaustion. See Mot. for Judg. on Pldgs. at 6-10. The Sofianes contend that, because 8 C.F.R. section 1103.3(a)(1)(ii) provides that "unfavorable decisions on applications, petitions, and other types of cases *may* be appealed," there exists no statutorily imposed duty to pursue the petition to the BIA, and judicial review is now appropriate. See Opposition at 6 (quoting 8 C.F.R. §

-6-

1103.3(a)(1)(ii)) (emphasis added).  For the following reasons, the court concludes that

defendants are not entitled to judgment as a matter of law on account of the Sofianes'

failure to pursue an appeal to the BIA.

            1.      Statutory Background

The APA provides:

> Agency action made reviewable by statute and final agency action
> for which there is no other adequate remedy in a court are subject
> to judicial review. A preliminary, procedural, or intermediate
> agency action or ruling not directly reviewable is subject to review
> on the review of the final agency action. Except as otherwise
> expressly required by statute, agency action otherwise final is final
> for the purposes of this section whether or not there has been
> presented or determined an application for a declaratory order, for
> any form of reconsideration, or, unless the agency otherwise
> requires by rule and provides that the action meanwhile is
> inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704.  The purpose of the general rule that only final agency action is

reviewable by courts is "to give the administrative agency the opportunity to investigate,

mediate, and take remedial action."  Stewart v. United States Immigration and

Naturalization Service, 762 F.2d 193, 198 (2d Cir. 1985).  Thus, agency action is

generally not reviewable until that action becomes "final," which, in the Second Circuit,

is determined by the "core question" of "whether the agency has completed its decision-

making process, and whether the result of that process is one that will directly affect the

parties."  Sharkey v. Quarantillo, 541 F.3d 75, 88 (2d Cir. 2008).  On the other hand,

where the APA applies, courts "are not free to impose an exhaustion requirement as a

rule of judicial administration where the agency action has already become 'final' under

§ [704]."  Darby v. Cisneros, 509 U.S. 137, 154 (1993).

      Despite defendants' claim that the Darby rule does not apply to the

circumstances of this case, the court concludes that <u>Darby</u> is applicable to the Sofianes'

Complaint.  As the defendants note, "plaintiffs seek judicial review of [the USCIS's]

denial pursuant to the federal Administrative Procedure Act . . . ."  <u>See</u> Mot. for Judg. on

Pldgs. at 2.  Therefore, in this case, "an appeal to 'superior agency authority' is a

prerequisite to judicial review only when expressly required by statute or when an

agency rule requires appeal before review and the administrative action is made

inoperative pending that review."  <u>Darby</u>, 509 U.S. at 154.

        2.      Final Agency Action

       There is no question that the USCIS's December 16, 2009 Decision constitutes

"final agency action" for purposes of 5 U.S.C. section 704.  In its December 16, 2009

decision, the USCIS states unequivocally that "it is ordered that your petition for alien

relative be denied . . . ."  December 16, 2009 USCIS Denial Letter (Exh. 1 to Mot. for

Judg. on Pldgs.).  Furthermore, the Decision Letter provides that, "[i]f you do not file an

appeal within the time allowed, this decision is final," and indicates that Sofiane has

thirty (30) days to appeal to the BIA.  <u>Id.</u>  Therefore, as of the date of this Ruling, this

action "mark[s] the consummation of the agency's decisionmaking process" and is not

"of a merely tentative or interlocutory nature."  <u>Sharkey</u>, 541 F.3d at 88.  Additionally,

the Decision is one "by which rights or obligations have been determined or from which

legal consequences flow."  <u>Id.</u>  In a June 12, 2008 decision regarding Abdelmoutalib

Sofiane's Application for Status as Permanent Resident (I-485), USCIS informed

Sofiane that, because "the visa petition filed on your behalf by Madeline J. Sofiane on

December 3, 2002 . . . has been denied," the I-485 application for permanent residence

you filed with [USCIS] . . . is hereby denied as a matter of law," and that, in accordance

with 8 C.F.R. section 274a.14(b)(1)(I), Sofiane's "authorization to accept employment is therefore terminated . . . ."  June 12, 2008 USCIS Decision (Exh. 1 to Opposition). Upon an assessment of this documentation, it is the court's view that the agency action Sofiane seeks judicial review of constitutes "final agency action."

        3.    Application of <u>Darby</u>

     In light of this conclusion, this court is "not free to impose an exhaustion requirement as a rule of judicial administration," and the question the court must consider is whether an appeal to the BIA is "expressly required by statute" or whether "an agency rule requires appeal before review and the administrative action is made inoperative pending that review."  <u>Darby</u>, 509 U.S. at 154.  The defendants fail to identify any statutory language indicating that the Sofianes were obligated to pursue an appeal to the BIA in advance of seeking judicial review in this forum.  The applicable portion of the regulations governing the Sofianes' petition provides: "Certain unfavorable decisions on applications, petitions, and other types of cases *may* be appealed.  Decisions under the appellate jurisdiction of the Board of Immigration Appeals . . . are listed in 1003.1(b) of this chapter."  8 C.F.R. § 1103.3(a)(1)(ii) (emphasis added).[1]  Nothing within this language indicates an intent to require petitioners to pursue an appeal to the BIA before rendering agency action "final."

     This view is reinforced by the fact that other regulations governing immigration petitions do contain language indicating that appeals are mandatory.  The regulations

---

[1] Title 8 of C.F.R. section 1103.3(a)(1)(ii) applies to the petition at issue in this case because 8 C.F.R. section 1003.1(b) includes "decisions on petitions filed in accordance with section 204 of the act:" the Sofianes' petition was filed under section 204.  <u>See</u> 8 C.F.R. § 1003.1(b)(5).

governing judicial review of denial determinations on applications for naturalization, for example, contain concrete language regarding exhaustion.  8 C.F.R. section 336.9(d) provides:

> A Service determination denying an application for naturalization under section 335(a) of the Act shall not be subject to judicial review until the applicant has exhausted those administrative remedies available to the applicant under section 336 of the Act. Every petition for judicial review shall state whether the validity of the final determination to deny an application for naturalization has been upheld in any prior administrative proceeding and, if so, the nature and date of such proceeding and the forum in which such proceeding took place.

8 C.F.R. § 336.9(d).  In non-immigration contexts, regulations often contain similar language requiring the exhaustion of administrative appeals.  For example, regulations governing the appeal of actions made pursuant to the delegated authority of the Securities and Exchange Commission provide that,

> [p]ursuant to Section 704 of the Administrative Procedure Act, 5 U.S.C. 704, a petition to the Commission for review of an action made by authority delegated in §§ 200.30-1 through 200.30-18 of this chapter is a prerequisite to the seeking of judicial review of a final order entered pursuant to such an action.

17 C.F.R. § 201.430.  Where such language is absent from regulations, courts have declined to require petitioners to exhaust the administrative procedures that might be available.  See, e.g., CSX Transp., Inc. v. Surface Transp. Bd., 584 F.3d 1076, 1079 (D.C. Cir. 2009) (citing Darby and noting that, "although Board regulations do permit a petition for rehearing, neither the ICC Termination Act of 1995 nor the Board's regulations requires one," and therefore concluding that the court "had no authority to require [petitioner] to file a petition for rehearing once the agency issued its final rule.").

In light of the fact that numerous regulations explicitly provide that administrative

appeals must be pursued before an agency action is rendered "final" and the fact that no such language applies to the particular petition the Sofianes have filed, the court concludes that they are not obligated to appeal their claim to the BIA before seeking judicial review in this forum.  Although the Second Circuit has not addressed this issue explicitly, this conclusion is aligned with other circuits that have considered this question within the immigration context.  See, e.g., Alcaraz v. I.N.S., 384 F.3d 1150, 1160 n.4 (9th Cir. 2004) ("We have consistently held that a petitioner is not required to exhaust administrative remedies to the BIA where the remedy is optional or the BIA is not required by statute to review the motion for appeal.") (citing Castro-Cortez v. INS, 239 F.3d 1037, 1045 (9th Cir. 2001) (petitioner not required to contest his reinstatement of deportation to the BIA before raising it on appeal to Ninth Circuit because the BIA is not required to reconsider its denial by statute); Young v. Reno, 114 F.3d 879, 881-83 (9th Cir. 1997) (appeal of visa revocation to BIA is optional, not mandatory, therefore appeal to BIA is not required to exhaust administrative remedies in petitioning for review of INS decision)).

Defendants nonetheless urge that they are entitled to judgment as a matter of law, and they rely heavily on two cases in their Motion.  First, defendants contend that Dinsey v. Ridge, No. 03 Civ. 10081 (MBM), 2004 WL 1698630 (S.D.N.Y. 2004) offers guidance.   However, Dinsey is inapposite because of the crucial difference that the petitioner in Dinsey was, at the time of the court's ruling, pursuing an administrative appeal.  See Dinsey, 2004 WL 1698630 at *5 (According to Dinsey, the Agency has placed him in removal proceedings (Am.Compl.¶ 10) and he is pursuing an appeal within the Agency.).  Therefore, unlike the agency decision regarding the Sofianes'

-11-

petition, the agency action in <u>Dinsey</u> was not yet final.

Defendants also cite <u>Howell v. I.N.S.</u>, 72 F.3d 288, 293 (2d Cir. 1995), in which the Second Circuit held that the regulation which permits an unsuccessful I-485 applicant to reapply before the immigration judge precludes bypassing that appeal and proceeding directly to district court.  In so ruling, the court noted that, "<u>Darby</u> does not limit the requirement of exhaustion of administrative remedies in the present case" because the applicable regulations were sufficiently specific in the administrative remedies a petitioner must pursue.  <u>Id.</u>  Nonetheless, in the court's view the circumstances of <u>Howell</u> materially distinguish it from the Soianes' claim.  First, although <u>Howell</u> involved an I-485 petition, the Sofianes seek judicial review of the denial of an I-130 petition.  Not only is this an entirely different context, but the regulations regarding the administrative procedures that apply to each are also distinct. <u>Compare</u> 8 C.F.R. § 1103.3(a)(1)(ii) <u>with</u> 8 C.F.R. § 245.2(a)(5)(ii).  Additionally, <u>Howell</u> was decided within the context of an entirely different statutory regime, as it involved regulations before the Immigration Reform and Immigrant Responsibility Act of 1996. <u>See</u> Pub. L. No. 104-208, 110 Stat. 3009 (1996).  Furthermore, the court notes the concurring opinion of Judge Walker, and his conclusion that "the regulation which the majority cites . . . does not satisfy the requirements of <u>Darby</u> . . . " because those regulations merely "spell. . . out the appeal procedures that are available to the alien within the INS . . . [and do not satisfy] the stringent requirements that <u>Darby</u> placed upon agencies that seek to condition judicial review upon exhaustion of remedies." <u>Howell</u>, 72 F.3d at 294

As the Supreme Court has made clear,

> Agencies may avoid the finality of an initial decision, first, by
> adopting a rule that an agency appeal be taken before judicial
> review is available, and, second, by providing that the initial
> decision would be "inoperative" pending appeal. Otherwise, the
> initial decision becomes final and the aggrieved party is entitled to
> judicial review.

Darby, 509 U.S. at 152.  No such rule has been adopted, and no action was taken to

indicate that the USCIS Decision would be "inoperative" pending appeal.  Had the

Sofianes elected to pursue an appeal before the BIA, the December 16, 2009 USCIS

decision would no longer be final, and the Sofianes could not maintain this action.

However, they did not so elect, and nothing within the statutory scheme obligated them

to do so.  As such, defendants have not demonstrated that they are entitled to

judgment as a matter of law, and defendants' Motion is denied.

## V.    CONCLUSION

For the foregoing reasons, the defendants' Motion for Judgment on the

Pleadings (Doc. No. 15) is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 7th day of May, 2010.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

-13-