# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ABDELMOUTALIB SOFIANE AND | : | CIVIL NO. |
| MADELINE J. SOFIANE, | : | 3:09-cv-01860 (JCH) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEPARTMENT OF HOMELAND | : | |
| SECURITY, et al. | : | AUGUST 11, 2010 |
|     Defendants. | : | |

## RULING RE: CROSS MOTIONS FOR SUMMARY JUDGMENT (Doc. Nos. 26, 31)

## I.  INTRODUCTION

The co-plaintiff, Madeline Sofiane, is a United States citizen married to the co-plaintiff, Abdelmoutalib Sofiane.  She filed an immigration Petition for Alien Relative (Form I-130) on her husband's behalf with United States Citizenship and Immigration Services ("USCIS").  The Sofianes initiated this action by Complaint for Mandamus on November 17, 2009, in order to compel USCIS to issue a final decision on the I-130 Petition.  See Complaint (Doc. No. 1).  After USCIS denied the Petition on December 16, 2009, the Sofianes amended their Complaint.  They now seek review of the USCIS's denial pursuant to the Administrative Procedure Act ("APA"), codified at 5 U.S.C. sections 701 et seq.  See Amended Complaint ("Amd. Cmplt") (Doc. No. 7).

Defendants sought judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, primarily alleging that this court lacks subject matter jurisdiction on account of the fact that the plaintiffs have not exhausted their

-1-

administrative remedies.  <u>See</u> Defendants' Motion for Judgment on the Pleadings (Doc.

No. 15).  This court denied that Motion in a May 7, 2010 Ruling.  <u>See</u> Ruling (Doc. No.

21).

The parties have now filed cross motions for summary judgment.  <u>See</u> Motion for

Summary Judgment by DHS ("Def'ts.' Mot. for Summ. Judg.") (Doc. No. 26); Cross

Motion for Summary Judgment by Sofianes ("Pls.' Mot. for Summ. Judg.") (Doc. No.

31).  For the following reasons, the defendants' Motion for Summary Judgment is

granted, and the plaintiffs' Motion for Summary Judgment is denied.

## II.    STANDARD OF REVIEW

A motion for summary judgment "may properly be granted . . . only where there

is no genuine issue of material fact to be tried, and the facts as to which there is no

such issue warrant judgment for the moving party as a matter of law."  <u>In re Dana Corp.</u>,

574 F.3d 129, 151 (2d Cir. 2009).  Thus, the role of a district court in considering such a

motion "is not to resolve disputed questions of fact but only to determine whether, as to

any material issue, a genuine factual dispute exists."  <u>Id</u>.  In making this determination,

the trial court must resolve all ambiguities and draw all inferences in favor of the party

against whom summary judgment is sought.  <u>See</u> F<span style="font-variant:small-caps">ED</span> R. C<span style="font-variant:small-caps">IV</span>. P. 56(c); <u>Loeffler v. Staten</u>

<u>Island Univ. Hosp.</u>, 582 F.3d 268, 274 (2d Cir. 2009).

"[T]he moving party bears the burden of showing that he or she is entitled to

summary judgment."  <u>United Transp. Union v. National R.R. Passenger Corp.</u>, 588 F.3d

805, 809 (2d Cir. 2009).  Once the moving party has satisfied that burden, in order to

defeat the motion, "the party opposing summary judgment . . . must set forth 'specific

facts' demonstrating that there is 'a genuine issue for trial.'"  <u>Wright v. Goord</u>, 554 F.3d

255, 266 (2d Cir. 2009) (quoting FED. R. CIV. P. 56(e)).  "A dispute about a 'genuine

issue' exists for summary judgment purposes where the evidence is such that a

reasonable jury could decide in the non-movant's favor."  Beyer v. County of Nassau,

524 F.3d 160, 163 (2d Cir. 2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d

Cir. 2007)); see also Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir.

2008) (stating that a non-moving party must point to more than a mere "'scintilla'" of

evidence in order to defeat a motion for summary judgment) (citing Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 252 (1986)).  Here, the parties agree that there is no dispute

regarding a genuine issue of material fact.

## III.   DISCUSSION[1]

### A.   Governing Law

Pursuant to the APA, the USCIS's denial of Sofiane's immigration petition may

be overturned only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not

in accordance with the law."[2]  5 U.S.C. § 706(2)(A).  "To make this finding the court

must consider whether the decision was based on a consideration of the relevant

factors and whether there has been a clear error of judgment."  Citizens to Preserve

Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971); see also Islander East Pipeline

Co., LLC v. Connecticut Dep't of Environmental Protection, 482 F.3d 79, 94 (2d Cir.

2006).

---

[1] The court assumes familiarity with the facts and procedural posture of the case. See Ruling (Doc. No. 21) at 3-4.

[2] Jurisdiction is conferred on this court by 5 U.S.C. §§ 555(b) and 701-706, 28 U.S.C. §§ 1331 and 1361, 8 U.S.C. § 1329, and 28 U.S.C. §§ 2201 and 2202.

It is the petitioner's burden to establish eligibility for the requested immigration benefit by a preponderance of the evidence.  See Matter of Pineda, 20 I. & N. Dec. 70, 73 (BIA 1989); Matter of Soriano, 19 I. & N. Dec. 764, 766 (BIA 1988); Matter of Laureano, 19 I. & N. Dec. 1, 3 (1983); Matter of Brantigan, 11 I. & N. Dec. 493, 495 (BIA 1966).  With respect to marriage petitions, the petitioner must provide various documentation, including a marriage certificate and proof of legal termination of previous marriages.  8 C.F.R. § 204.2(a)(1)(i)(B).  Additionally, the petitioner must show by a preponderance of the evidence that the marriage was bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Laureano, 19 I. & N. at 3; see also Montoya v. Mukasey, No. 07-1698, 270 Fed. Appx. 62, 65 (2d Cir. March 20, 2008) (quoting In Re Riero, 24 I. & N. Dec. 267, 268-69 (2007)). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Laureano, 19 I. & N. at 3.  So long as the marriage in question was valid at inception, subsequent breakdowns in the marriage do not invalidate eligibility for the I-130 benefit.  See Matter of McKee, 17 I. & N. Dec. 332, 333-334 (BIA 1980) (distinguishing between "fraudulent or sham marriage" and "nonviable or nonsubsisting" marriage).

B.    Analysis

The Sofianes contend that the USCIS's December 16, 2009 Order denying the I-130 Immigration Petition for Alien Relative Status, see Administrative Record ("AR") at

14-17, was arbitrary and capricious and constituted an abuse of discretion.[3]  First, the

Sofianes argue that USCIS essentially employed a heightened standard of proof in

evaluating whether their marriage was bona fide, and did not merely require that the

Sofianes demonstrate this requirement beyond a preponderance of the evidence.  <u>See</u>

Pls.' Mot. for Summ. Judg. at 16-20.  Second, the Sofianes argue that USCIS "created

an additional requirement for a continuing, committed monogamous relationship rather

than looking to whether the marriage was valid at inception."  <u>Id.</u> at 20-21.  Third, the

Sofianes claim that USCIS arbitrarily and capriciously denied the I-130 Petition on the

basis that they did not affirmatively volunteer information regarding their separation,

even though they were under no obligation to do so.  <u>Id.</u> at 22-23.  Finally, the Sofianes

assert that the repeated delays associated with this case indicate that the proceedings

were fundamentally unfair and "fatally compromised the agency's authority to

administer our immigration laws."  <u>Id.</u> at 23-26.

Upon assessing the Administrative Record, this court concludes that USCIS's

December 16, 2009 Decision was not "arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  USCIS based its

decision upon relevant evidence, and the record contains evidence from which it may

reasonably be inferred that the parties entered into the marriage for the purpose of

obtaining immigration benefits.  The following evidence is particularly significant: (1)

considerable discrepancies regarding the Sofianes' addresses, including tax and pay

---

[3] The December 16, 2009 USCIS decision challenged in this action appears in the Administrative Record at 14-17.  Other documents created by USCIS, several of which are referenced in the December 16, 2009 decision, can be found at AR 1-3, 4-6, 24-27, 59-62, 581-584.

records from 2002 that list numerous addresses for Mrs. Sofiane, none of which are consistent with her statements that she moved in with Mr. Sofiane in 2002, several months before their November 2002 marriage; (2) medical records from November 26, 2002 (twenty-three days after the Sofianes married) in which Mrs. Sofiane lists her name as "Madeline Santiago," her marital status as "single," and her address as different from Mr. Sofiane's residence that was listed on the marriage certificate; (3) medical records from May 2, 2003, in which Mrs. Sofiane lists her name as "Madeline Santiago," her marital status as "single," and her closest relative not as her husband, but instead as Ivan Diaz, her recurring boyfriend; (4) site visits and interviews that cast serious doubt as to the veracity of the parties' representations regarding their relationship in light of their numerous inconsistencies. See AR at 197, 204 (affidavits stating Mrs. Sofiane moved in with Mr. Sofiane in 2002); AR at 31, 200, 643-44 (documentary evidence indicating parties resided at different addresses); AR at 678-79 (November 26, 2002 medical records); AR at 671 (May 2, 2003 medical records); AR at 581-84 (records of September 26, 2006 interviews).

In view of this evidence, and the standard of review in this court, the record provides ample support for USCIS's decision to deny the I-130 Petition, and it is thus the court's conclusion that the I-130 denial was neither arbitrary nor capricious, nor an abuse of discretion. None of the Sofianes' specific arguments supports a contrary conclusion.

      1.     Whether USCIS effectively required Sofiane to support the I-130 Petition beyond the applicable "preponderance of the evidence" standard

The Sofianes emphasize that they furnished USCIS with a large volume of

evidence in support of the I-130 Petition, including photographs, utility bills and bank statements, tax forms, insurance documentation, and affidavits regarding various aspects of their relationship.[4]  See Pls.' Mot. for Summ. Judg. at 18.  Citing Matter of Phillis, 15 I. & N. Dec. 385 (BIA 1975), they contend that, in light of the breadth of these submissions, it is apparent that the agency "demanded certitude beyond a doubt, not a preponderance of the normal evidence presented in a marriage case."  Id. at 18.  However, it is this court's view that the USCIS utilized the appropriate "preponderance of the evidence" standard and based its decision upon relevant documentation within the record.

USCIS considered the entirety of the evidence submitted by the Sofianes, including affidavits and documentation submitted subsequent to the second Notice of Intent to Deny issued on May 6, 2009.  Upon considering that evidence, USCIS concluded that it did not "convincingly show the existence of a bona fide marriage necessary to overcome the doubts developed by your own testimony and prior evidence."  AR at 16.  Although the record included a good deal of material that was favorable to the Sofianes' Petition, the agency concluded that, viewed as a whole, the record was insufficient for the Sofianes to carry their burden of demonstrating by a preponderance that the marraige was "not entered into for the purpose of evading the immigration laws."  Laureano, 19 I. & N. at 3.  In light of the discrepancies highlighted above, this court finds that conclusion to be neither arbitrary nor capricious, nor an abuse of discretion.

---

[4] Documents submitted by the Sofianes in this matter can be found at AR 28-49, 73-188, 192-577, 585-98, 599-785, 786-95.

The Sofianes also assert that the specific language USCIS used in its Ruling demonstrates that it applied a "clear and convincing" standard in evaluating the Sofianes' Petition, and not the appropriate "preponderance of the evidence" standard. See Pls.' Mot. for Summ. Judg. at 18. The court disagrees. In the court's view, by stating that the evidence submitted does not "convincingly show the existence of a bona fide marriage," AR at 16, USCIS did not apply a heightened legal standard, but instead indicated that petitioners had not met their ultimate burden of persuasion in this matter, i.e., they failed to convince the USCIS. See Soriano, 19 I. & N. Dec. 764 (petitioners have burden of proving eligibility for I-130 benefit). Therefore, USCIS's Order was neither arbitrary nor capricious nor an abuse of discretion, and the plaintiffs' Motion for Summary Judgment is denied on this ground.

    2.      Whether USCIS effectively required the Sofianes to demonstrate a continuing marital relationship as opposed to merely a valid marriage at inception

The Sofianes next contend that USCIS's decision was arbitrary and capricious in as much as that decision relied heavily on the fact that the Sofianes had separated following their 2002 marriage. The Sofianes allege that this reliance evidences that, in effect, USCIS created a requirement that petitioners demonstrate a continuing, committed monogamous relationship even though a petitioner need only demonstrate that the marriage in question was valid at inception. See Pls.' Mot. for Summ. Judg. at 20-21.

It is undisputed that, so long as the marriage in question was valid at inception, subsequent breakdowns in that marriage do not invalidate eligibility for the I-130 benefit. See McKee, 17 I. & N. at 333-334. Nonetheless, evidence relating to the

couples' post-marriage separation may still be relevant to the extent that it illuminates the parties' intent at the time they married. See Laureano, 19 I. & N. at 3 ("The conduct of the parties after marriage is relevant to their intent at the time of marriage."). In this case, USCIS denied the I-130 petition partially on the basis of evidence regarding the Sofianes' separation and Mrs. Sofiane's recurring relationship with Ivan Diaz. See AR at 14-17. Such evidence included: that Diaz identified himself as being romantically involved with Mrs. Sofiane on a recurring basis, beginning well before Mrs. Sofiane's marriage to Mr. Sofiane; that Mrs. Sofiane was listed as living with Diaz as early as 2003; that records indicate Mrs. Sofiane was evicted from a home shared with Diaz in February 2003 and another home shared with Diaz in August 2008; and that Mrs. Sofiane listed Diaz, not her husband, as her closest relative on medical records in May 2003, only six months after her marriage. Id. The agency's decision also noted that Mrs. Sofiane had provided "internally conflicting information as to how long [she and Diaz] had been dating." Id. at 15.

   Although the Sofianes assert that USCIS's use of this evidence was inappropriate because the Sofianes only needed to prove that their marriage was bona fide at its inception, a review of the December 16, 2009 USCIS Order indicates that USCIS only considered this evidence in as much as it was relevant to the marriage's authenticity at inception. At no point did USCIS state that the I-130 Petition was being denied on account of the fact that the Sofianes failed to maintain their relationship. Instead, USCIS concluded that the evidence submitted "disclosed a relationship that was more casual than that of husband and wife." AR at 16. Critically then, USCIS denied the I-130 not because evidence regarding the Sofianes' post-marriage

separations revealed the termination of their monogamous relationship, but instead because such evidence demonstrated that the marriage was not bona fide at its beginning. Because the conduct of the parties after marriage "is relevant to their intent at the time of marriage," USCIS did not abuse its discretion in considering evidence relating to the Sofianes' separation in this regard. See Laureano, 19 I. & N. at 3.

Moreover, contrary to the Sofianes' assertion that the evidence relating to their post-marriage conduct only demonstrates that "the couple met in 2001, began living together in April 2002 . . . continued to live together until December 2005, and remained in close communication until they reunited in 2006," it is this court's view that the evidence regarding the Sofianes' separations, together with other evidence, does call into question whether the marriage was bona fide at its inception, and supports USCIS's conclusion that the Sofianes did not meet their burden of establishing eligibility for the I-130 benefit. Pls.' Mot. for Summ. Judg. at 21. Thus, USCIS's decision was not "arbitrary and capricious," and the defendants' Motion for Summary Judgment should be granted.

> 3. USCIS's emphasis that, during interviews, the Sofianes did not affirmatively volunteer information regarding their separation

The Sofianes next challenge USCIS's Order on the basis that it relied on the fact that the Sofianes did not voluntarily disclose certain information regarding their marriage during a September 26, 2006 interview. Specifically, the Sofianes point to that portion of the USCIS Order which states:

> [Y]ou failed to disclose during the last interview that you were not
> living with the beneficiary, Mr. Sofiane, but were living with Mr.
> Diaz. Likewise, Mr. Sofiane failed to disclose that you and he
> were not living together. It was not until you retained your

> attorney, and received the first NOID, that you advised USCIS of
> your claimed separation from the beneficiary. Your lack of candor
> has led USCIS to question the veracity of the information provided
> by you to Service officers. For your attorney to contend that
> USCIS should accept at face value your explanations, after the
> fact, is unreasonable.

AR at 16.  The Sofianes assert that the USCIS's position with regard to their failure to

disclose information is "patently unreasonable," and further contend that it is "arbitrary

for USCIS to consider Mr. and Mrs. Sofiane incredible for not adopting the ideal legal

strategy or anticipating what information USCIS might be most interested in at their

September 26, 2006 interview."  Pls.' Mot. for Summ. Judg. at 22-23.

        In the court's view, USCIS's treatment of the Sofianes' failure to disclose certain

information during the 2006 interview does not render the USCIS's Order "arbitrary and

capricious."  "An adverse credibility determination must be based on 'specific, cogent

reasons' that 'bear a legitimate nexus' to the finding."  Guan v. Gonzalez, 432 F.3d 391,

395 (2005) (citations omitted).  Failure to disclose material information has been viewed

as a "specific, cogent reason" for discounting the credibility of petitioners.  In Oropeza-

Wong v. Gonzalez, for example, the Ninth Circuit upheld the BIA's adverse credibility

determination that "was based in part on Oropeza's failure to inform the INS about his

children during his oral interview and on the pertinent INS forms."  Oropeza-Wong v.

Gonzalez, 406 F.3d 1135, 1148 (9th Cir. 2005).  The BIA in Oropeza-Wong also based

its credibility determination on inconsistent testimony, and the Ninth Circuit concluded

that the BIA "did not err with respect to its credibility finding."  Likewise, in this case the

court concludes that USCIS did not unduly consider the Sofianes' failure to provide

material information during the 2006 interview, specifically information pertaining to their

separation. Such information is relevant, and, when viewed against the entirety of the record, the failure to provide that information provides an additional source of doubt as to the credibility of the petitioners and whether the Sofianes' marriage was bona fide upon inception. The USCIS Order is therefore neither arbitrary nor capricious on this basis.

4.    Administrative delays and violations of agency rules

Finally, the Sofianes point to numerous administrative delays and questionable investigation tactics as a basis for finding that the USCIS Order was arbitrary and capricious. Specifically, the Sofianes assert that the following incidents are particularly noteworthy: that the case was not forwarded to the BIA until August 6, 2008, eight months after the regulatory deadline for forwarding the case to the BIA had passed; that USCIS transmitted an incomplete record to the BIA; that USCIS continued to delay proceedings after the BIA remanded the case in October 2008; that agents executed a surprise visit to Mrs. Sofiane's place of employment, allegedly for the purpose of interviewing her in the absence of counsel.

While the court agrees that the protracted timeline of these proceedings is inexcusable, the Sofianes have identified no legal authority upon which they may be granted relief on this basis. It may be true that the delays in this case "severely undermine the agency's reputation," but such delays do not render the challenged Order arbitrary or capricious. Therefore, this contention provides no basis upon which to grant the Sofianes' Motion for Summary Judgment.

C.    Conclusion

In light of the preceding analysis, the plaintiffs' Motion for Summary Judgment is

denied, and the defendants' Motion for Summary Judgment is granted.  The December 16, 2009 Order of USCIS was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  In reaching this conclusion, the court is mindful that this court's review of the USCIS's determination "does not permit us to engage in an independent evaluation of the cold record or ask ourselves whether, if we were sitting as fact finders, we would credit or discredit an applicant's testimony."  Guan, 432 F.3d at 394-95.  It is not this court's role to supplant the judgment of USCIS.  Instead, this court must merely determine whether the decision rendered by USCIS is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  It is this court's conclusion that the December 16, 2009 Order "was based on a consideration of the relevant factors" and was not a clear error of judgment.  Overton Park, Inc., 401 U.S. at 416.  Thus, the denial of Sofiane's I-130 Petition should not be overturned.

IV.     **CONCLUSION**

For the foregoing reasons, plaintiffs' Motion for Summary Judgment (Doc. No. 31) is hereby **DENIED**, and defendants' Motion for Summary Judgment (Doc. No. 26) is hereby **GRANTED.**  The clerk is directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 11th day of August, 2010.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge

-13-